■ HAL BERMAN, Appellant, v PAN AMERICAN WORLD AIRWAYS, INC., Respondent and Third-Party Plaintiff-Respondent. ALLIED AVIATION SERVICE COMPANY OF NEW YORK, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County (Arnold Fraiman, J.), entered May 17, 1983 denying plaintiff's motion to renew and/or reargue a previous order of the court entered February 4, 1983 granting the motions of the defendant and third-party defendant for summary judgment, and also seeking to renew and/or reargue a previous order of the court dated February 18, 1983 denying plaintiff's motion to extend his time to comply with an earlier direction of the court, reversed, on the law, on the facts, and in the exercise of discretion, without costs, to grant the motion to renew and, upon renewal, to vacate the order of February 4, 1983 granting the motion for summary judgment as well as the order of February 17, 1983 denying plaintiff's motion to extend his time to comply, to deny the motions for summary judgment, and the matter is remanded for consideration of the motions for summary judgment on the merits with all papers previously submitted to be considered, and respondents are granted the right within 20 days after service of a copy of this order to file additional answering affidavits. Appeals from the orders of the Supreme Court dated February 4 and February 18, 1983 are dismissed as subsumed within the above order. ¶ This is an action for damages allegedly sustained when plaintiff tripped over baling wire on the floor of a cargo terminal at JFK Airport controlled and operated by Pan American World Airways Inc. (Pan American). The action was commenced against Pan American, which in turn commenced a third-party action against Allied Aviation Service Company of New York, Inc. (Allied), a company under contract to maintain the area in question. Allied moved for summary judgment against Pan American on the ground that neither the plaintiff nor Pan American had established proof of notice of the allegedly dangerous condition. Pan American moved in turn for summary judgment against plaintiff on the same ground stated by Allied and in the alternative moved for summary judgment against Allied. ¶ Plaintiff responded to the motion with an affidavit by his counsel alleging possession of evidence that both Pan American and Allied had notice of the dangerous condition, and including in the papers submitted to the court, but not to Pan American and Allied, a statement by an Allied employee describing the

terminal area as extremely difficult to maintain in a safe condition. The statement was not included in the papers served on Pan American and Allied on the novel ground that they were not entitled to receive a copy of the statement of the witness and in the apparent view that the court could appropriately consider evidence not made known to the other parties. ¶ In a memorandum dated November 9, 1982 Special Term rejected this contention, directed plaintiff to submit a copy of the statement to Pan American and Allied within 10 days of the decision and so advise the court, held the decision on the motion and cross motion in abeyance, and directed that the motions for summary judgment be granted if plaintiff failed to comply. This opinion appeared in the *New York Law Journal* on November 16, 1982 (p 11, col 1), some seven days after the date of the decision, in a somewhat cryptic form, which reported that the decision on the motion and cross motion was being held in abeyance, and advised of the memorandum on file. ¶ The statement was not served on counsel for Pan American or Allied, who applied to the court to grant the motions for summary judgment, which application was granted in the order of February 4, 1983. ¶ Plaintiff moved to enlarge his time to comply with the direction in the November 9, 1982 memorandum decision, alleging that he had not observed the *Law Journal* entry, and that several efforts to learn from the clerk's office of the disposition had proved unavailing. This application was denied in the order of February 15, 1983. ¶ Thereafter plaintiff moved to renew or to reargue, including in these moving papers an affidavit by another witness dated March 21, 1983 describing his observations of the condition of the terminal on the day before plaintiff sustained the fall giving rise to this action. The witness further stated that he had first spoken to the plaintiff about the matter in January of 1983. ¶ Special Term denied the motion to renew, concluding that the newly submitted evidence was available at the time of the original motion and could have been discovered with due diligence. ¶ We reverse, grant the motion to renew, deny the motions for summary judgment, and remand for consideration of the motions on the merits on the basis of all the papers submitted, and grant leave to Pan American and Allied to submit answering papers. ¶ Special Term was clearly correct in the original determination that the court could not consider on the motions for summary judgment a statement not made available to the moving parties. We need not determine whether Special Term was also correct in denying plaintiff's motion for an extension of time to comply with its direction in the memorandum decision of November 9, 1982. As to that, we note only that while counsel may have been at fault in not observing the entry in the *Law Journal* of November 16, 1982, there appears to be no reason to doubt the truthfulness of that statement or of counsel's other statements concerning efforts during the relevant period to ascertain the status of the motions. We also note that the *Law Journal* entry appeared only three days before the expiration of the 10-day extension granted by the court. ¶ Turning to the motion to renew, it is clear that the newly submitted affidavit contains information relevant to the merits of the issue. The affidavit indicates that the deponent, someone who made deliveries on a periodic basis to the terminal, had not spoken to the plaintiff until after the period had expired for plaintiff to respond to the motions for summary judgment. No doubt there is merit to Special Term's view that efforts might have been made previously to determine whether employees at the terminal or other personnel who visited the terminal from time to time had information relevant to the issue. On balance, we are persuaded that the totality of circumstances makes it appropriate that the issues presented by the motions for summary judgment be determined on the merits. Concur — Kupferman, J. P., Sandler, Sullivan, Asch and Kassal, JJ.